1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    SIEM YONG,

11                Petitioner,                    No. CIV S-10-2890 EFB P

12          vs.

13    K. DICKINSON,

14                Respondent.              <u>ORDER</u>

15    _____/

16          Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus.

17    *See* 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

18          Currently pending before the court is petitioner's application for a writ of habeas corpus.

19    For the reasons explained below, the court finds that it must be dismissed with leave to amend.

20    *See* Rule 4, Rules Governing § 2254 Proceedings.

21          A district court must entertain a habeas petition "in behalf of a person in custody

22    pursuant to the judgment of a State court only on the ground that he is in custody in violation of

23    the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A judge

24    entertaining a habeas petition "shall forthwith award the writ or issue an order directing the

25    respondent to show cause why the writ should not be granted, unless it appears from the

26    application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  The

1

petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings. An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2, Rules Governing § 2254 Cases.  While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

The petition in the instant action fails to understandably state cognizable grounds for federal habeas relief and state the supporting facts.  Petitioner alleges the following grounds for relief:

Ground one: Abuse of Discretion to Strike

Supporting FACTS . . .  At 16 years old I suffer in a Quasi Court 10 years ago a Assault for 3 years.  No other Juvenile arrest.  2004 a misdemeanor that resulted to be a CYA Parole Violation.  The Probation list employment the last being 2005 through 2007.  A Honorable discharge of Parole in 2006.  Two separate auto theft charges dismiss, inspite being Release Recognizance.  At a jury trial testimony and defense was innocent of charges.

Ground two: Prior Juvenile Adjudication – Abuse of Discretion

Supporting FACTS . . .  In a Bifurcated proceedings a strike enhancement was found true.  Absence of a jury trial as a juvenile Felon but not a conviction was decided by a Quasi Court.  The adult court maximize the sentence of a non-conviction from a Quasi Court, thus enhancing the sentence.

Dckt. No. 1 at 4 (errors in original).  To the extent the court can understand ground one, it appears that petitioner argues that the trial court should have exercised its discretion, presumably under California law, to strike a prior conviction in sentencing him.  The court is aware of no federal law requiring state trial courts to exercise discretion in the application of habitual offender sentencing schemes, and petitioner has not claimed that the failure to discretionarily strike the prior conviction violated a federal right.  As it is a matter of California law and within

1   the jurisdiction and discretion of the California state courts to apply California's habitual

2   offender sentencing laws, this claim arises only under California state law and thus does not state

3   a claim cognizable in a federal habeas action.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

4        Ground two is less understandable but may include a federal claim (e.g., that the use of a

5   juvenile conviction obtained without a jury trial to enhance petitioner's sentence violated

6   petitioner's federal constitutional rights, *see Boyd v. Newland*, 467 F.3d 1139, 1152 (9th Cir.

7   2006)).

8        Thus, to proceed petitioner must file an amended petition.  Accordingly, it is ORDERED

9   that within 30 days of the date of service of this order, petitioner file an amended petition

10  identifying the specific federal constitutional or other federal right(s) he believes have been

11  violated and including facts describing such violations.

12  Dated:  November 24, 2010.

13

14  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26